IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON B. ROBERTS, | * | |
|     Petitioner, | * | |
| v. | * | Civil Action No. GLR-15-4011 |
| WARDEN J. PHILLIP MORGAN, et al., | * | |
|     Respondents. | * | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Aaron B. Roberts' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (2012). (ECF No. 1). Roberts challenges his 2009 judgment of conviction in the Circuit Court for Baltimore City, Maryland for first-degree assault and related offenses. Having reviewed the Petition and Respondents', Warden J. Phillip Morgan and the Brian E. Frosh, Attorney General of the State of Maryland, Limited Answer (ECF No. 6), the Court finds an evidentiary hearing is not necessary. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; see also 28 U.S.C. § 2254(e)(2). For the reasons that follow, the Court will dismiss the Petition.

### I.     BACKGROUND

In September 2009, a jury in the Circuit Court convicted Roberts of first-degree assault and related firearm offenses. (ECF No. 6-1). On October 29, 2009, the Circuit Court judge sentenced Roberts to twenty-five years of imprisonment. (Id.). In an unreported opinion filed on April 22, 2011, the Court of Special Appeals of Maryland affirmed the judgment of conviction. (ECF No. 6-2). On August 11, 2011, the Court of Appeals of Maryland denied Roberts' request for further direct review. See Roberts v. State, 421 Md. 193 (2011). Roberts did not seek direct review in the Supreme Court of the United States.

On November 18, 2010, while his direct appeal was still pending, Roberts filed a petition for post-conviction relief in the Circuit Court. (ECF No. 6-1). On May 16, 2013, Roberts withdrew his post-conviction petition. (Id.). On January 7, 2014, Roberts filed a second petition for post-conviction relief. (Id.). The Circuit Court denied the petition on May 6, 2015. (Id.). Roberts filed an application for leave to appeal this adverse ruling on June 11, 2015. (Id.). On December 24, 2015, the Court of Special Appeals found the application for leave to appeal untimely and dismissed it for lack of jurisdiction. (ECF No. 6-3).

Roberts signed his Petition with this Court on December 28, 2015, and it was received for docketing by the Clerk of Court on December 31, 2015. (ECF No. 1). Roberts argues his 2009 conviction violates federal law based on ineffective assistance of trial and appellate counsel. Respondents filed a Limited Answer on February 16, 2016 (ECF No. 6), and Roberts filed a Reply, as amended, on March 8 and March 11, 2016 (ECF Nos. 8, 9).

## II.     DISCUSSION

Respondents argue that Robert's Petition is time-barred under 28 U.S.C. § 2244(d). Roberts argues that the "prison mailbox rule" enunciated in Houston v. Lack, 487 U.S. 266 (1988), should be applied with regard to the key filing dates of his state post-judgment pleadings. Roberts states that he (1) submitted his post-conviction petition for refiling on December 9, 2013, but it was not docketed in the Circuit Court until January 7, 2014—a difference of 25 days— and (2) submitted his application for leave to appeal the denial of post-conviction relief on May 29, 2015, but it was not docketed in the Circuit Court until June 11, 2015—a difference of 13 days. He also argues that the time during which his leave to appeal the denial of post-conviction relief was pending in the Court of Special Appeals should serve to toll the limitations period.

Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." This one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review." Id. § 2244 (d)(2). Equitable tolling may also apply. See Harris v. Hutchinson, 209 F.3d 325, 329–30 (4th Cir. 2000). Because 28 U.S.C. § 2244(d)(1) provides a statute of limitations, however, equitable tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330; see id. ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").

The petitioner carries the burden of showing he is entitled to equitable tolling. Id. The petitioner must demonstrate two elements: (1) that "extraordinary circumstances

3

beyond [his] control prevented him from complying with the statutory time limit," Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001)); and (2) that he exercised reasonable diligence in pursuing his rights, Holland v. Florida, 560 U.S. 631, 653 (2010).  The following do not constitute extraordinary circumstances justifying the equitable tolling of a federal statute of limitations:  a lawyer's mistake, Rouse, 339 F.3d at 248; a petitioner's unfamiliarity with the legal process or his lack of legal representation, see Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991); and ignorance of legal rights, whether that ignorance is due to illiteracy or otherwise, see Barrow, 932 F.2d at 478.

Roberts urges this Court to accept his statement that state court pleadings were timely filed, but the clerk's office personnel failed to timely docket them.  To the extent this argument is construed under 28 U.S.C. § 2244(d)(1)(B), the argument fails, as no documentation has been presented to support a finding of impediment.

Thus, Roberts must rely on equitable tolling to defeat the one-year statute of limitations.  He urges this Court to extend the "prison mailbox rule" announced in Houston v. Lack, to encompass state court filings.  In Lack, the Supreme Court held that under the federal appellate rule requiring habeas corpus appeals to be filed within 30 days, a self-represented prisoner's notice of appeal was filed at the moment of delivery to prison authorities for forwarding to the district court.  Lack, 487 U.S. at 270.  Pursuant to Lack, Roberts' Petition, received in this Court on December 31, 2015 and docketed on January 4, 2016, was filed as of the date it was delivered to prison authorities, December 28, 2015.  This Court will not impose similar the prison mailbox rule on the State courts and, for the purpose of assessing the limitations period, will accept the state court docket dates as the dates the petitions were

received.  Similarly, this Court declines to adopt and expand a Maryland notice rule applicable to defendants eligible for enhanced sentencing as enunciated in Lee v. Maryland, 332 Md. 654 (Md. 1993).

The time for Roberts to seek direct review of his state-court conviction concluded on November 14, 2011—when the period for filing a petition for writ of certiorari to the Supreme Court expired.  See Sup.Ct. Rule 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry of the judgment.").  Roberts withdrew his post-conviction petition in the Circuit Court, pending during his direct appeal, on May 16, 2013, and the one-year period for seeking federal habeas corpus review began to run.  Roberts waited 236 days before Roberts refiling his post-conviction petition in the Circuit Court on January 7, 2014.  Pursuant to 28 U.S.C. § 2244 (d)(2), the limitations period was tolled while post-conviction proceedings were underway in the Circuit Court.

Post-conviction relief was denied on May 6, 2015.  Roberts' application for leave to appeal this ruling was received by the Circuit Court on June 11, 2015, four days outside the 30-day limitations period for noting an appeal.  See Md. Rule 8-204(b) (stating application for leave to appeal must be filed within thirty days after entry of judgment or order from which appeal is sought). Because the application for leave to appeal was not "properly filed," the one-year deadline for seeking habeas corpus relief was not tolled as the Court of Special Appeals considered the application.

Though Roberts promptly submitted his Petition to this Court on December 28, 2015 after the Court of Special Appeals denied his application for leave to appeal on December 24, 2015, the one-year period under 28 U.S.C. § 2244(d) was only tolled from January 7, 2014 to

May 6, 2015. The one-year period, however, was not tolled from May 16, 2013—when he withdrew his first post-conviction petition in the Circuit Court—to January 7, 2014—when he filed his second post-conviction petition. Roberts was required to file his federal Petition by September 14, 2015. Because the Petition was filed in December 2015, the Court, therefore, finds that Roberts' Petition is time-barred and will dismiss it.

### III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Roberts' Petition (ECF No. 1). A Certificate of Appealability will not issue because Roberts does not state a valid claim for the denial of a constitutional right.[1] A separate Order follows.

Entered this 29th day of April, 2016

/s /
_____
George L, Russell, III
United States District Judge

---

[1] When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse, 252 F.3d at 684–85 (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)).